**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20188-RUIZ**

**UNITED STATES OF AMERICA**

**v.**

**PAOLA ANDREA SANCHEZ MORENO,**

        **Defendant.**

**UNITED STATES' MOTION FOR AMENDED**
**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for an Amended Preliminary Order of Forfeiture against Defendant Paola Andrea Sanchez Moreno seeking the entry of a forfeiture money judgment in the amount of $20,700 in U.S. currency. The United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 27, 2024, a federal grand jury returned a Second Superseding Indictment charging the Defendant in Count 6 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Second Superseding Indictment, ECF No. 98. The Second Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 6.

On May 13, 2025, the Court entered a Preliminary General Order of Forfeiture. ECF No. 208. This ordered forfeiture in general terms and deferred on the amount of a money judgment, if any, until a later date. *Id.* That same day the Court sentenced the Defendant. ECF No. 218.

## II.   MEMORANDUM OF LAW

### A.  Forfeiture

As alleged in the Second Superseding Indictment, all property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). The Plea Agreement contemplates that the Defendant will forfeit proceeds and facilitating property. ECF No. 121.

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

### B.  Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that

Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008). The defendant's money judgment amount can be based on a reasonable estimate on the amount of property subject to forfeiture. *See, e.g., United States v. Roberts*, 660

3

F.3d 149, 166 (2d Cir. 2011); *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019); *United States v. Vico*, 2016 WL 233407, at *7 (S.D. Fla. Jan. 20, 2016) (calculation of money judgment does not require mathematical exactitude; district court may make a reasonable extrapolation supported by a preponderance of the evidence).

### C. Property Subject to Forfeiture in Instant Criminal Case

The United States seeks the entry of a forfeiture money judgment in the amount of $20,700 in U.S. currency. As set forth in the Factual Proffer, ECF No. 122, from at least June 2023 through June 2024, the Defendant and others were in conspiracy to conduct financial transactions, affecting interstate and foreign commerce, with the proceeds of unlawful activity. *Id.* at 1. These transactions were done with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds and to avoid the transaction reporting requirements under state and federal law. *Id.* Specifically in the conspiracy, people in the United States were recruited to create fictitious businesses and open up corresponding bank accounts at different banks. *Id.* The account information was sent to coconspirators in Colombia so they could access the accounts online. *Id.* Since the individuals opening these accounts would receive a percentage of all the money deposited into the accounts, they often directed the banks to notify them whenever deposits were made into the accounts. *Id.*

The Defendant used the accounts of a business she already had opened, D&D Investments USA LLC, to launder narcotics proceeds—while she knew they were illicit funds, she did not know they were narcotics proceeds. *Id.* at 3. From October 2023 through February 2024, over 496 deposits of drug proceeds totaling $3,073,767 were deposited into the accounts of D&D Investments USA LLC, and 121 wire transfers were sent from these accounts. The Defendant was

paid $20,700 in U.S. currency as commission for the funds laundered through her accounts.

Based on the record in this case, the total value of the proceeds traceable to Count 6 is $20,700.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail exchanged on September 29, 2025, and there is no objection to this motion.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov