UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20188-RUIZ

UNITED STATES OF AMERICA

v.

PAOLA ANDREA SANCHEZ MORENO,

Defendant.

## AMENDED FORFEITURE ORDER

THIS MATTER is before the Court upon motion of the United States for entry of an amended forfeiture order pursuant to 18 U.S.C. § 982(a)(1), the procedures in 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2, against Defendant Paola Andrea Sanchez Moreno (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 27, 2024, a federal grand jury returned a Second Superseding Indictment charging the Defendant in Count 6 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Second Superseding Indictment, ECF No. 98. The Second Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 6.

On May 13, 2025, the Court entered a Preliminary General Order of Forfeiture. ECF No. 208. This ordered forfeiture in general terms and deferred on the amount of a money judgment, if any, until a later date. *Id.* That same day the Court sentenced the Defendant. ECF No. 218.

The United States seeks the entry of a forfeiture money judgment in the amount of $20,700 in U.S. currency. As set forth in the Factual Proffer, ECF No. 122, from at least June 2023 through June 2024, the Defendant and others were in conspiracy to conduct financial transactions, affecting interstate and foreign commerce, with the proceeds of unlawful activity. *Id.* at 1. These transactions were done with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds and to avoid the transaction reporting requirements under state and federal law. *Id.* Specifically in the conspiracy, people in the United States were recruited to create fictitious businesses and open up corresponding bank accounts at different banks. *Id.* The account information was sent to coconspirators in Colombia so they could access the accounts online. *Id.* Since the individuals opening these accounts would receive a percentage of all the money deposited into the accounts, they often directed the banks to notify them whenever deposits were made into the accounts. *Id.*

The Defendant used the accounts of a business she already had opened, D&D Investments USA LLC, to launder narcotics proceeds—while she knew they were illicit funds, she did not know they were narcotics proceeds. *Id.* at 3. From October 2023 through February 2024, over 496 deposits of drug proceeds totaling $3,073,767 were deposited into the accounts of D&D Investments USA LLC, and 121 wire transfers were sent from these accounts. The Defendant was paid $20,700 in U.S. currency as commission for the funds laundered through her accounts.

Based on the record in this case, the total value of the proceeds traceable to Count 6 is $20,700.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $20,700 in U.S. currency is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _____ day of September 2025.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE